FOURTH DIVISION
 November 27, 1996

No. 1-95-2973

PEPPER CONSTRUCTION COMPANY, ) Appeal from the
 ) Circuit Court of
 Plaintiff and Counterdefendant-Appellee ) Cook County
 and Cross-Appellant, ) 
 )
 v. ) 
 )
TRANSCONTINENTAL INSURANCE COMPANY, ) 94 CH 06831
 ) 
 Defendant and Counterplaintiff-Appellant ) 
 and Cross-Appellee ) 
 )
(EDWARD R. QUINLAN, Defendant and ) Honorable
Counterdefendant; CNA INSURANCE COMPANIES, ) Lester Foreman
and CLIMATEMP, INC., Defendants). ) Judge Presiding.

 JUSTICE CAHILL delivered the opinion of the court:
 Transcontinental Insurance Company appeals a trial court
grant of summary judgment for Pepper Construction Company in a
declaratory judgment action. Pepper cross-appeals the court's
denial of attorney fees. We reverse and remand the grant of
summary judgment, finding a triable issue of fact. We affirm the
denial of attorney fees.
 Pepper was the general contractor for a construction project
in Chicago. Pepper subcontracted with Advance Mechanical
Systems. Advance agreed to perform heating, ventilation, and air
conditioning work for the project. The contract also required
Advance to provide insurance naming Pepper as an additional
insured.
 Advance, in turn, subcontracted with Climatemp to perform
work at the site. The contract between Advance and Climatemp
contained the following clause:
 "Work performed by [Climatemp] shall be in strict
 accordance with all applicable plans, general
 conditions, specifications, and addenda thereto, and
 [Climatemp] is bound by all provisions of these
 documents and also all other documents to which
 [Advance] is bound, and to the same extent." 
 Transcontinental was Climatemp's insurer. The policy
contains an additional insured endorsement which reads in part:
 "Owners, Lessees or Contractors.
 Commercial General Liability Coverage Part.
 1. Who is an insured (Section II) is amended to
 include as an insured any person or organization
 (called 'additional insured') for whom or for which you
 have contracted or agreed to provide general liability
 insurance, but only with respect to liability arising
 out of 'your work' for the additional insured(s)."
 An employee of Climatemp was injured while working at the
job site. He filed a personal injury lawsuit against Pepper. 
Pepper tendered its defense to Climatemp's insurer,
Transcontinental, on February 27, 1991, alleging that Pepper was
an additional insured under Transcontinental's insurance policy
covering Climatemp.
 Transcontinental accepted Pepper's defense on March 28,
1991. Transcontinental tendered the defense back to Pepper over
three years later, on April 26, 1994, alleging that it had never
agreed to provide insurance for Pepper.
 Pepper filed this declaratory judgment action, alleging that
the language cited above in Climatemp's contract with Advance
triggered the additional insured clause cited above in favor of
Pepper. 
 Transcontinental filed a counterclaim, alleging that Pepper
in its tender of defense fraudulently misrepresented that a
contract existed between Pepper and Climatemp which induced
Transcontinental to accept Pepper's tender.
 The parties subsequently filed cross-motions for summary
judgment. Pepper also asked for attorney fees under section 155
of the Illinois Insurance Code. 215 ILCS 5/155 (West 1992).
 The trial court denied Transcontinental's motion and granted
summary judgment for Pepper, finding no ambiguity in the
contract. The court stated: "I believe that under the
relationship between Advance and Climatemp, Climatemp had an
obligation to afford coverage to Pepper." The court then denied
Pepper's request for attorney fees.
 The parties agree on the issue: to include Pepper among the
additional insureds in the Transcontinental policy, Climatemp's
contract with Advance must be read to impose Advance's insurance
commitments on Climatemp.
 Transcontinental argues that Climatemp did not contract with
Advance to provide insurance. Transcontinental contends that the
clause in the contract between Advance and Climatemp upon which
Pepper relies refers only to "work performed" requirements and
has nothing to do with insurance obligations.
 Pepper responds that its contract with Advance requires
Advance to provide comprehensive general liability insurance
naming Pepper as an additional insured. Pepper then cites the
language in the contract between Advance and Climatemp, quoted
above, and concludes that Climatemp was therefore required to
provide insurance for the benefit of Pepper because "Climatemp
expressly agreed to be bound by all documents to which Advance
was bound and to the same extent as Advance." (Emphasis added.)
 In construing a contract, a court must give effect to the
intent of the parties. In re Doyle, 144 Ill. 2d 451, 468, 581
N.E.2d 669 (1991). A court must first decide, as a matter of
law, whether the language of the contract is ambiguous. Quake
Construction, Inc. v. American Airlines, Inc., 141 Ill. 2d 281,
288, 565 N.E.2d 990 (1990). If contract terms are ambiguous or
capable of more than one interpretation, parol evidence is
admissible to determine the intent of the parties. The
interpretation of an ambiguous contract is a question of fact. 
Quake Construction, 141 Ill. 2d at 288-89, 565 N.E.2d 990.
 Summary judgment is only appropriate when the pleadings,
depositions, admissions, or affidavits on file show there is no
genuine issue of material fact and the moving party is entitled
to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West
1992); LaSalle National Bank v. Skidmore, Owings & Merrill, 262
Ill. App. 3d 899, 902, 635 N.E.2d 564 (1994). 
 We believe the contract language upon which Transcontinental
relies is susceptible to more than one reasonable interpretation. 
It is reasonable to interpret the language--"all other documents
to which Advance is bound"--to mean that the parties intended
that Climatemp was bound to provide insurance for Pepper because
Advance contracted to provide insurance for Pepper. But, it is
also reasonable to infer that the quoted clause--"all other
documents to which Advance is bound"--is modified by the language
preceding it and confined only to work performance elements of
the contract imposed on Climatemp. Read together, the "work
performed" clause and "all other documents to which Advance is
bound" create an ambiguity and a question of fact. See Quake
Construction, 141 Ill. 2d at 288-89, 565 N.E.2d 990. The issue
was improperly resolved by the trial court on a motion for
summary judgment. The intentions of the parties are subject to
explanation by extrinsic evidence.
 We note that during oral argument Pepper alleged that the
Advance/Climatemp contract explicitly refers to "insurance
requirements" in a separate section and paragraph from the "work
performed" clause. This language was not quoted, nor did the
parties address any other part of the Advance/Climatemp contract
in the briefs. The copy of the contract in the record is
illegible. The effect of other language in the contract which
refers to insurance and might resolve the ambiguity would be
speculation given the state of this record.
 Pepper argues that there is yet another ground to affirm the
trial court's decision. Because we review the grant of summary
judgment de novo and may affirm the decision on any ground in the
record, regardless of whether the trial court relied on that
ground or whether the court's reasoning was correct, we address
Pepper's argument. Outboard Marine Corp. v. Liberty Mutual
Insurance Co., 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992).
 Pepper argues that Transcontinental is estopped from denying
coverage because it assumed the defense for more than three years
before it tendered the defense back to Pepper. Pepper relies on
the decisions in Gibraltar Insurance Co. v. Varkalis, 46 Ill. 2d
481, 263 N.E.2d 823 (1970) and Textile Machinery v. Continental
Insurance Co., 87 Ill. App. 3d 154, 409 N.E.2d 1 (1980).
 In Gibraltar, the supreme court held the insurer waived
policy defenses for liability after it had taken over the
insured's defense for more than 16 months. The court quoted the
following language from Apex Mutual Insurance Co. v. Christner,
99 Ill. App. 2d 153, 161, 240 N.E.2d 742 (1968): "It is well
settled that assumption of the insured's defense constitutes a
waiver by the insurer of all questions of policy coverage. 
[Citations.] If, therefore, in spite of doubts as to coverage,
the insurer elects to take over the insured's defense, it will
afterwards be estopped from denying its own liability under the
policy." Gibraltar, 46 Ill. 2d at 487, 263 N.E.2d 823.
 The court in Textile held the insurer was estopped from
denying policy coverage where it had defended its insured for two
and a half years without a reservation of rights.
 The courts in each of these cases held insurers were
estopped from asserting defenses under policies against their
insureds. Here, by contrast, Transcontinental is claiming that
it is not an insurer and Pepper is not an insured. "The
doctrines of waiver and estoppel presuppose that the party
against whom the doctrines are asserted had a right, claim or
privilege that it could relinquish." Alliance Acceptance v. Yale
Insurance Agency, 271 Ill. App. 3d 483, 493-94, 648 N.E.2d 971
(1995). We distinguish Gibraltar and Textile on the basis that
Transcontinental is not attempting to assert a defense under a
policy of insurance. It is claiming there is no policy. This
issue, we have determined, must be decided by a trier of fact. 
We decline to apply the doctrines of estoppel or waiver to
preclude Transcontinental from asserting that Climatemp did not
contract to provide insurance for Pepper.
 Finally, we address Pepper's argument on cross-appeal that
the trial court abused its discretion in denying its request for
attorney fees under section 155 of the Illinois Insurance Code. 
215 ILCS 5/155 (West 1992). Pepper argues that
Transcontinental's conduct in denying the existence of an
insurance policy constitutes vexatious and unreasonable conduct. 
Based upon our decision that an issue of fact exists about
whether Climatemp contracted to provide insurance for Pepper, we
find the trial court did not abuse its discretion in refusing
Pepper attorney fees.
 Affirmed in part and reversed in part and remanded.
 HOFFMAN, P.J., and THEIS, J., concur.